**FILED**

**Margaret Botkins**
**Clerk of Court**

*2:36 pm, 11/3/22*

Laurene S. Rogers (Wyo. State Bar # 7-5551)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Fax: 307.778.8175
lsrogers@hollandhart.com

ATTORNEY FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN OWEN; CATHERINE GUSCHEWSKY, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES GUSCHEWSKY, AS SUCCESSOR TRUSTEE OF THE CHARLES FREDERICK GUSCHEWSKY LIVING TRUST, AND AS TRUSTEE OF THE CATHERINE LEE GUSCHEWSKY LIVING TRUST; ALYSSA CHILDERS; AND ARIN EMMERT, <br><br> Defendants. | Civil Action No. ___22-CV-228-KHR___ |

## COMPLAINT IN INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, Holland & Hart LLP, for its Complaint in Interpleader states:

1.      This is a civil action in the nature of interpleader seeking a determination by the Court of the proper payee or payees of the distribution of insurance benefits under Group Policy No. 0160415-1-G ("Group Policy") that MetLife issued to FCA US LLC.

## PARTIES

2.      MetLife is a corporation organized under the laws of New York, with its principal place of business in New York. It is duly licensed to do business in Wyoming.

3.      Upon information and belief, John Owen is the surviving former business partner of Charles Guschewsky (the "Decedent"), is a resident of Cody, Wyoming, and may have an interest in the benefits at issue under the Group Policy.

4.      Upon information and belief, Catherine Guschewsky is the surviving spouse of the Decedent, a resident of Lander, Wyoming, and is also the personal representative of Decedent's Estate, Successor Trustee of the Charles Frederick Guschewsky Living Trust, and Trustee of the Catherine Lee Guschewsky Living Trust.  Ms. Guschewsky may have an interest in the benefits at issue under the Group Policy.

5.      Upon information and belief, Alyssa Childers is the surviving daughter of Decedent, is a resident of Lander, Wyoming, and may have an interest in the benefits at issue under the Group Policy.

6.       Upon information and belief, Arin Emmert is the surviving daughter of Decedent, is a resident of Lander, Wyoming, and may have an interest in the benefits at issue under the Group Policy.

## JURISDICTION AND VENUE

7.      The Court possesses original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, because the funds in MetLife's possession that are in dispute are of a value in excess of $500.00 and there is minimal diversity in that two or more adverse claimants are diverse.

8.      The Court also has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and the Defendants with an amount in controversy exceeding the statutory jurisdictional amount, and because this Complaint presents an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

2

9.      Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b), because a defendant resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

10.      Decedent was an executive and owner of the Fremont Motor Companies car dealership group, including Fremont Motor Cody, Inc., and a participant in the auto dealership owners group benefit plan of FCA US LLC (the "Plan").

11.      The Plan provided term life insurance benefits to the Decedent subject to his satisfaction of the Plan's terms and conditions.

12.      MetLife issued the Group Policy to FCA US LLC to fund the life insurance benefits of the Plan. MetLife has attached a true and correct copy of the Certificate of Insurance relating to the Group Policy ("Certificate") for life insurance benefits as **Exhibit A**.

13.      Upon information and belief, the most recent beneficiary designation form on file for the Decedent is dated November 14, 2005 (the "Beneficiary Designation"). MetLife has attached a true and correct copy of the Beneficiary Designation as **Exhibit B**.

14.      The Decedent designated John Owen as the sole beneficiary of the Group Policy. *Id*.

15.      The Decedent died on May 1, 2021.  MetLife has attached a true and correct copy of the Death Certificate as **Exhibit C**.

16.      At the time of his death, the Decedent was enrolled in the Plan for life insurance coverage in the total amount of $300,000.00 ("Life Insurance Benefits").

17.      On August 16, 2021, MetLife received the first claim for benefits under the Group Policy from Catherine Guschewsky (the "Guschewsky Life Insurance Claim").  MetLife has attached a true and correct copy of the Guschewsky Life Insurance Claim as **Exhibit D**.

18.      In correspondence to MetLife dated August 16, 2021, November 18, 2021, and April 21, 2022, Ms. Guschewsky, through her counsel, Timothy Stubson of Crowley Fleck, claims that Ms. Guschewsky is the true beneficiary of the Life Insurance Benefits because

Decedent and Mr. Owen had severed their business relationship in 2014 when Decedent purchased Mr. Owen's interest in Fremont Motor Cody, Inc., that thereafter the Decedent intended to name Ms. Guschewsky as a beneficiary instead of Mr. Owen, that the failure to formally change the Beneficiary Designation was a clerical error, and, therefore, Mr. Owen has no "insurable interest" in Decedent under Wyo. Stat. Ann. § 26-15-102.  MetLife has attached true and correct copies of the correspondence from Ms. Guschewsky as **Exhibit E**.

19.     On February 22, 2022, MetLife received the second claim for benefits under the Group policy from John Owen (the "Owen Life Insurance Claim"), through his counsel, Ernest Shriver of Fafinski Mark & Johnson PA.  MetLife has attached a true and correct copy of the Owen Life Insurance Claim as **Exhibit F**.

20.     In correspondence to MetLife dated February 22, 2022, March 8, 2022, and July 26, 2022, Mr. Owen claims that as the named beneficiary of the Group Policy, he is entitled to the Life Insurance Benefits.  He asserts that under Wyo. Stat. Ann. § 26-15-102, an individual can effect an insurance contract upon his own life for the benefit of any person, and Decedent did just that with the Beneficiary Designation. *Id*.; **Exhibit G** (true and correct copies of the correspondence from Mr. Owen).  In addition, Mr. Owen asserts that he has an "insurable interest" under Wyo. Stat. Ann. § 26-15-102 because he and Decedent (or presumably Decedent's estate) remain business partners.  *Id*.

21.     Upon information and belief, Ms. Guschewsky and Mr. Owen have made efforts to resolve their competing claims between themselves but have not reached any such agreement. *See* **Ex. E** (stating in the November 18, 2021 letter from Mr. Stubson to MetLife that "we are working with the named beneficiary to document the actual intent of the insured."); **Ex. G** (stating in the July 26, 2022 letter from Mr. Shriver to MetLife that "We have had several discussions with Mr. Stubson in an attempt to resolve the issue of who the policy benefits should go to." Because the parties cannot agree, "[Mr. Owen and Ms. Guschewsky] believe that an interpleader action is required to resolve the issue of who should receive the death benefit under the policy.").

22.     MetLife cannot determine to whom the Life Insurance Benefits should be paid based on the allegation that Mr. Owen has no "insurable interest" in Decedent under Wyo. Stat. Ann. § 26-15-102.

23.     If the Court determines that Mr. Owen is entitled to the Life Insurance Benefits as the named beneficiary or because he has an "insurable interest" pursuant to Wyo. Stat. Ann. § 26-15-102, then the Life Insurance Benefits would be payable to him.

24.     If the Court determines that Mr. Owen is not entitled to the Life Insurance Benefits as the named beneficiary and has no "insurable interest" in Decedent, and/or one or more defendants other than Mr. Owen has an "insurable interest" pursuant to Wyo. Stat. Ann. § 26-15-102, then the Life Insurance Benefits would be payable to Ms. Guschewsky, the Estate of Charles Guschewsky, the Charles Frederick Guschewsky Living Trust, the Catherine Lee Guschewsky Living Trust, and/or Decedent's children, Alyssa Childers and Arin Emmert.

25.     MetLife cannot determine the proper beneficiary of the Life Insurance Benefits without exposure to double or multiple liability.

26.     As a mere stakeholder, MetLife has no interest in the Life Insurance Benefits except  to ensure that the Benefits are paid in accordance with the provisions of the Group Policy.

27.     MetLife is ready, willing, and able to pay the Benefits in accordance with the terms of the Group Policy based on the Court's determination of disputed facts and issues of law.

28.     MetLife will deposit into the Registry of the Court the Benefits, plus  any applicable interest due and owing, for disbursement in accordance with the judgment of this Court.

## PRAYER FOR RELIEF

WHEREFORE, MetLife requests an order of the Court:

A.     Ordering MetLife to pay into the Registry of the Court the Life Insurance Benefits, plus any applicable interest;

B.      Dismissing MetLife from this action and discharging MetLife from any further liability upon payment of the Life Insurance Benefits, plus any applicable interest, into the Registry of this Court, or otherwise directed by this Court;

C.       Restraining defendants John Owen; Catherine Guschewsky, individually, and in her capacity as personal representative of the Estate of Charles Guschewsky, as successor trustee of the Charles Frederick Guschewsky Living Trust, and as trustee of the Catherine Lee Guschewsky Living Trust; Alyssa Childers; and Arin Emmert from instituting any suits against MetLife related to this case;

D.      Awarding MetLife its costs and attorneys' fees; and

E.      Awarding MetLife any other and further relief the Court deems just.

Dated this 3rd day of November 2022.

Respectfully submitted,

**HOLLAND & HART LLP**

Laurene S. Rogers
Holland & Hart LLP
2515 Warren Avenue, Ste. 450
Cheyenne, WY 82001
Ph:  307-778-4235
Fax: 307-778-8175
lsrogers@hollandhart.com

**ATTORNEY FOR PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY**